The President
delivered the opinion of the Court.
Upon a motion for a nonsuit, the Court may give their opinion, that the plaintiff has no cause of action, and may direct him to be called. But he may, nevertheless, appear and refuse to be nonsuited, nor can the Court compel him against his will.
So, on the other band, the Court may declare that the action is maintainable—-or may refuse to give any opinion to the jury, and so leave the whole question with them ; if they do instruct, still the jury may find against the opinion of the Court, who have no remedy left but to grant a new trial.
So, if the party file a demurrer to the evidence, the Court may, if the evidence be clear, refuse to compel the other party to join in demurrer, leaving the jury at liberty to determine.
But if, in either of these cases, the Superior Court should be satisfied that the plaintiff had no cause of action, they will reverse the judgment.
This bill of exceptions exhibits a very different case. The whole question was, whether the order on which the notes and tobacco were delivered, was genuine or counterfeit. This was a mere matter of fact, proper only for the inquiry and determination of the jury. As to the hardship, which it was contended inspectors would be subjected to, it is no greater than that to which they might be exposed by delivering tobacco on counterfeit notes, in which case, they would clearly be liable to the holder of the real notes. It is a common and known risk of office contemplated when, undertaken.
We are next to consider the objections to the declaration.
The first is, that the warehouse is not stated to be a public one. If it were possible to suppose a private warehouse at Robert Rolling9s—Inspectors there, to view and pass foóam;—compelled by law and the duty of their office, to give notes obligatory upon them to deliver the tobacco on demand—-if, I say, we could suppose all this, and consider this as a mere private *282 contract, it would even then be diflicult to support »he objections to the action upon principles of common law.
But such a case is altogether visionary. The record and the public laws upon the subject warrant the Court in saying, that the warehouse and the inspectors are such as the law has established.
The second objection is, that the declaration is multifarious.
The Act of Assembly requires, 1st. That the notes should be delivered to the owner of the tobacco, but inflicts no penalty for refusing to do it. 2d. It imposes a penalty upon the inspectors for delivering the notes to any but to the proprietor of the tobacco, without a written order from him.
This action is brought, not for delivering the notes to a third person, unauthorised to receive them, but for not delivering them, when demanded, to the owner.—The former offence, though charged, is merely by way of special damage, and intended to show the remedy complete for the whole value of the tobacco, since the defendants had put it out of their power ever to deliver it.
Judgment affirmed.(1)

 Martin et. al. v. Stover, 2 Call. 514. Dunbar v. Beale, 5 Munf. 24.